**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clyde Morris, ) | No. CV 05-515-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's motion for appointment of counsel (Doc. # 152).

There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil-rights case is required only when exceptional circumstances are present. *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The district court must review both of these factors together in deciding whether to appoint counsel. *Id.*

The Court has reviewed the record to date and finds this action presents no "exceptional circumstances" requiring the appointment of counsel. There is nothing

1 particularly complex about the two medical claims remaining in this case, and Plaintiff's
2 filings to date, particularly his response to Defendants' motion to dismiss (Doc. # 113),
3 demonstrate that Plaintiff is able to articulate these claims. Moreover, after reviewing the
4 record, the Court cannot say that Plaintiff is likely to succeed on the merits of either claim.
5     Accordingly,
6     **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. # 152)
7 is **DENIED**.
8     DATED this 7th day of May, 2008.

James A. Teilborg
United States District Judge